**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| DESIREE L. KINSEY-MCHENRY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:12-CV-332-PRC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 23], filed by Plaintiff Desiree L. Kinsey-McHenry on December 20, 2013. The Commissioner filed a response on January 2, 2014, and Plaintiff filed a reply on January 23, 2014.

On August 15, 2012, Plaintiff filed a Complaint seeking judicial review of the Commissioner's decision to deny her supplemental security income. Having considered the fully briefed motion, the Court granted that request, remanding the case for further proceedings on September 30, 2013.

The Equal Access to Justice Act ("EAJA") allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). The fee application must be filed within thirty days of the court's final judgment and must satisfy the following requirements: (1) a showing that the plaintiff is a "prevailing party;" (2) a showing that

the plaintiff is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)).

In the instant request for attorney fees under the EAJA, Plaintiff seeks a total of $11,780.95 in attorney fees for 62.9 attorney hours at the rate of $184.88 per hour (including the briefing on the instant motion) and 1.6 hours of legal assistant time at the rate of $95.00 per hour. The Commissioner does not contend that Plaintiff should not receive a fee award nor does she challenge Plaintiff's requested hourly rate. Rather, the Commissioner argues only that Plaintiff has not met her burden of proving that the requested fee is reasonable, contending that the number of hours billed is excessive.

The EAJA requires that requested fees be reasonable. 28 U.S.C. § 2412(d)(1)(B); (d)(2)(A). The burden of proving reasonableness rests on the party seeking fees. 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Hours that are not properly billed to one's client are also not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (quotation omitted). Thus, a fee request must make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. *Id.* at 437. The amount of the fee award is a matter of discretion for the Court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.* The

Commissioner contends that Plaintiff's fee application is excessive because two attorneys worked on the case and because too much time was spent reviewing the administrative record. The Commissioner asks that the Court reduced the fee request by 20 percent.

First, the Commissioner argues that "much of the excess time expended" was the result of having two attorneys work on the case–Barry Schultz, the senior attorney, and Abraham Arnold, the junior attorney. The Commissioner notes that Schultz, the more experienced social security litigator, spent nearly eight hours assessing the merits of the appeal and reviewing the work of Arnold. The Commissioner also argues that the three rounds of editing the opening brief is evidence that Schultz uses these cases as a "training ground for his less experienced attorneys" and contends that those training costs that inflate the attorney fee should not be passed on to the government. Def. Resp. 6.

The Court finds that the use of a senior and junior attorney in this case was reasonable. Courts have recognized the propriety of such an arrangement. *See Copeland v. Astrue*, 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (citing *Reed v. Astrue*, 08-5604, 2010 WL 669619, at *3-4 (N.D. Ill. Feb. 19, 2010) ("It is entirely appropriate (and indeed reflects the realities of the market) that a senior attorney will guide and advise a junior attorney rather than take the laboring oar with respect to researching and drafting briefs.")); *Lopez v. Shalala*, 89 C 6482, 1994 WL 478547, at *10 (N.D. Ill. Aug. 31, 1994). Review by a senior attorney ensures that the quality of the brief is high and that necessary revisions are made before the brief is filed with the Court. Notably, the Commissioner does not assert that the work by the senior attorney was duplicative or redundant. *See, e.g.*, *Perkins v. Colvin*, 10-CV-2204, 2013 WL 6124333, at *6 n. 6 (C.D. Ill. Nov. 21, 2013).

As for the Commissioner's concern with the time spent reviewing drafts, Plaintiff notes that,

3

although the bill itemization includes the senior attorney's time for reviewing the third draft of the opening brief, counsel did not include any time for the junior attorney for editing the brief for the third draft, reflecting billing discretion. Moreover, Attorney Schultz's time spent reviewing the drafts was reasonable. He spent 2.1 hours drafting a detailed memo on issues to raise in the brief, 1.5 hours reviewing the first draft of a twenty-page brief, and 1 hour reviewing and editing the second draft of the brief.

Second, the Commissioner argues that the more than 20 hours of time Plaintiff's counsel spent reading and abstracting the administrative record and preparing an "issues outline" is excessive. Counsel for the Commissioner compares those 20 hours with the 12.75 hours she spent reading the record, reading Plaintiff's brief, drafting a statement of facts, and drafting responses to each of Plaintiff's arguments. The Commissioner argues that Plaintiff has not satisfactorily explained the reasonableness of these expenditures and cites numerous cases from *outside* the Seventh Circuit Court of Appeals to argue that 20-30 hours or perhaps 40 hours is the acceptable range for work on a social security appeal.

The Commissioner fails to acknowledge the cases cited in Plaintiff's opening brief from *within* the Seventh Circuit Court of Appeals that have found a reasonable number of hours for work on a social security appeal to range from 40-60 hours. *See Schulten v. Astrue*, No. 08 CV 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (collecting cases) (holding that 40-60 hours falls within the "permissible range for cases like this, which is, generally speaking, 40 to 60 hours"); *see also Copeland v. Astrue*, 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (citing *Martinez v. Astrue*, No. 2:10-CV-370, 2012 WL 1563907 (N.D. Ind. Apr. 30, 2012) (awarding $11,072.81 in fees); *Reed v. Astrue*, No. 08-5604, 2010 WL 669619, at *3-4 (N.D. Ill. Feb. 19, 2010)

4

(awarding $10,710 in attorney fees for 63 hours of attorney time); *Simms v. Astrue*, No. 2:08-CV-94, 2009 WL 1659809, at *6 (N.D. Ind. June 12, 2009) (awarding fees for 55.2 hours of attorney time); *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998) (awarding $8,044.50 in attorney fees for 65.75 hours of attorney time)). In this Court's experience, most of the EAJA fee requests by Attorney Schultz are presented to the Court by both parties as a joint stipulation, suggesting that Attorney Schultz is not in the practice of routinely seeking unreasonable or excessive fees.

As for the comparison between the hours spent by Plaintiff's counsel and counsel for the Commissioner in reviewing the record and drafting the briefs, counsel for the Commissioner had the advantage of reviewing Plaintiff's brief and the work Plaintiff's counsel had done compiling the record and articulating the arguments on appeal. Also, this case was fairly complex; the administrative record was 553 pages long, and Plaintiff raised five arguments on appeal.

Having reviewed the fee petition, the Court finds that the number of hours expended by Plaintiff's attorneys was reasonable and consistent with the range of fee requests in social security litigation before this Court.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 23] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $11,780.95 in fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

So ORDERED this 23rd day of April, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All attorneys of record